IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) Dist. No. 04-cr-40028-JPG |
| | ) App. No. 04-3599 |
| ANDRES BARAJAS-HERNANDEZ | ) |
| | ) |
|     Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on a limited remand from the United States Court of Appeals for the Seventh Circuit pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). *Paladino* set forth a procedure to address criminal cases on appeal where the district court imposed a sentence prior to the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005). In *Booker*, the Supreme Court found the application of mandatory federal sentencing guidelines as written unconstitutional. *Id.* at 746, 749-50. However, the Supreme Court held that the proper remedial measure to save the guidelines was to strike the portions of the Sentencing Reform Act of 1984 that make application of the guidelines mandatory as opposed to advisory: 18 U.S.C. §§ 3553(b)(1) and 3742(e). *Id.* at 764-67. Those provisions having been stricken from the Sentencing Reform Act, judges, "while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Id.* at 767; *see* 18 U.S.C. § 3553(a)(4) & (5). *Paladino* asks sentencing courts to determine whether particular sentences would be any different under advisory sentencing guidelines. *Paladino*, 401 F.3d at 484.

Defendant Andres Barajas-Hernandez ("Barajas-Hernandez ") pled guilty on June 10, 2004, to illegal reentry into the United States by an alien who had been convicted of an aggravated felony and who had previously been deported, in violation of 8 U.S.C. § 1326(b)(2). The statutory

sentencing range for this crime is 0 to 20 years. 8 U.S.C. § 1326(b)(2). At the sentencing on September 30, 2004, the Court found that Barajas-Hernandez's base offense level under U.S.S.G. 2L1.2(a) was 8. The Court increased his offense level by 8 under U.S.S.G. § 2L1.2(b)(1)(C) because his prior felony was an aggravated felony and decreased his offense level by 3 under U.S.S.G. 3E1.1(b) because he accepted responsibility for his crime, yielding a total offense level of 13. The Court found that Barajas-Hernandez's criminal history category was III and that his sentencing range was therefore 18 to 24 months. The Court sentenced Barajas-Hernandez to serve 18 months in prison.

On June 23, 2005, the Court of Appeals ordered a limited remand of this case for the Court to determine whether, if it was required to resentence Barajas-Hernandez after *Booker* and under advisory sentencing guidelines, it would reimpose the original sentence. *See Paladino*, 401 F.3d at 484. The Court solicited the views of counsel and the defendant's counsel has submitted a memorandum in support of a reduced sentence, specifically, in support of a 12-month sentence (Doc. 49).[1] *See Id.* Barajas-Hernandez argues (1) that a lower sentence would avoid unwarranted sentencing disparity among those convicted of immigration offenses and (2) that his criminal history calculation overrepresents the seriousness of his offense and the likelihood that he will re-offend.

The Court has reviewed the memorandum and has determined that if it was required to resentence Barajas-Hernandez after *Booker* and under advisory sentencing guidelines, it would reimpose the same sentence. The Court has considered the factors set forth in 18 U.S.C. § 3553(a) and believes that an 18-month sentence is sufficient but not greater than necessary to effect the purposes of the Sentencing Reform Act of 1984. With respect to the specific arguments raised by

---

[1] With consent of all counsel, the Court expedited its proceedings in view of the fact that Barajas-Hernandez will have served his sentence in mid-August 2005.

Barajas-Hernandez in his sentencing memorandum, for the same reasons the Court rejected Barajas-Hernandez's motion for a downward departure at his original sentencing (Doc. 22), the Court finds that his criminal history category of III accurately reflects the seriousness of his offense and the likelihood that he will reoffend. Furthermore, the Court notes that Barajas-Hernandez has not pointed to any specific defendant with a similar record who has been convicted of similar conduct but who has been sentenced differently. In the absence of such evidence, the Court finds that a sentence within the advisory guideline range advances the goal of preventing unwarranted sentencing disparities. For these reasons, the Court would reimpose the same sentence on Barajas-Hernandez were it required to resentence him today.

The Court **DIRECTS** the Clerk of Court to send a copy of this order to the Court of Appeals.

**IT IS SO ORDERED:**
**Date: July 21, 2005**

                                                      s/ J. Phil Gilbert
                                                     **J. Phil Gilbert**
                                                     **United States District Judge**